UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DEBBIE WILSON,

        Plaintiff,

v.

JAFFE & ASHER LLP, and
CAROLYN WIENER,

        Defendants.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692, et seq.* ("*FDCPA*"), and states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

2. Venue in this District is proper because Defendants conduct business in this District.

## PARTIES

3. Plaintiff, Debbie Wilson ("Plaintiff"), is a natural person and a resident of the State of Missouri, residing at 142 Memory Road, Galena, MO 65656.

4. Defendant, Jaffe & Asher LLP ("J & A"), is a New York Limited Liability Partnership and a law firm engaged in the business of collecting consumer debts, which operates from offices located at 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426.

5. Defendant, Carolyn Wiener, Esquire ("Wiener") is an attorney licensed to practice law in the State of Florida, whose address is c/o Jaffe & Asher LLP, 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426.

6. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

7. Defendants regularly collect or attempt to collect consumer debts for other parties, including through litigation. Defendants are "debt collectors" as defined in the *FDCPA*.

8. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. On or about October 2, 2020, American Express National Bank ("AENB") filed, or caused to be filed, a lawsuit in the County Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case No. 56-2020-SC-003011 seeking to collect an alleged consumer debt from Plaintiff in the amount of $1,561.88, plus costs (the "Complaint"). The Complaint is attached hereto as "Exhibit 1."

10. At the time of the filing of the Complaint, no legitimate debt existed between AENB and Plaintiff.

11. Attached to the Complaint as "Exhibit B" is an AENB statement dated April 10, 2020 addressed to "DEBBIE WILSON 70 WASHINGTON SQ S FRNT1 NEW YORK NY 10012-1091. At no time has Plaintiff had a mailing address in New York. The address listed on "Exhibit B" is, in fact, the address for New York University.

12. Upon first learning of the alleged debt AENB was seeking to collect, Plaintiff made contact with representatives of AENB on numerous occasions. A partial list of these contacts are as follows, along with the telephone number called and the length of the call:

| Date | Number | Length |
|---|---|---|
| June 17, 2020 | (800) 492-3344 | 6 minutes |
| June 17, 2020 | (800) 492-3344 | 33 minutes |
| June 17, 2020 | (800) 492-3344 | 20 minutes |
| July 13, 2020 | (888) 800-5234 | 7 minutes |
| July 13, 2020 | (888) 800-5234 | 16 minutes |
| July 13, 2020 | (800) 492-3344 | 10 minutes |

13. In each call made to AENB, Plaintiff disputed that the debt was hers.

14. In at least one call between Plaintiff and AENB, prior to the filing of the Complaint, a representative of AENB stated that Plaintiff did not appear to have an account with AENB.

15. Despite calls from Plaintiff to AENB in which Plaintiff disputed the alleged debt, AENB filed the Complaint on October 2, 2020.

16. At the time of the filing of the Complaint, AENB knew the debt was disputed but chose to file the Complaint anyway.

17. On or about November 24, 2020, Defendants mailed, or caused to be mailed, a written communication to Plaintiff, care of her counsel, that stated that Plaintiff owed to "American Express" a debt in the amount of $1,561.88 and demanded payment on the alleged debt. See the November 24, 2020 letter (the "Demand Letter") attached hereto as "Exhibit 2".

18. The Demand Letter was signed by Defendant Wiener on behalf of Defendant J & A.

19. The continued efforts of Defendants to collect on this invalid debt has caused emotional anguish to Plaintiff and continues to do so.

## COUNT I

## VIOLATION OF *15 U.S.C. §1692e(2)(A)*
## AGAINST ALL DEFENDANTS

20. Plaintiff re-alleges and incorporates Paragraphs 1 through 19.

21. *15 U.S.C. §1692e(5)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (2) The false representation of –
>   (A) the character, amount, or legal status of any debt.

22. Plaintiff did not owe the debt sought to be collected by Defendants in the Demand Letter.

23. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect upon an alleged consumer debt that was not owed to AENB by Plaintiff. Furthermore, Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff after AENB had already acknowledged that Plaintiff did not owe the debt and that the alleged debt was not valid.

24. Defendants, by attempting to collect upon this alleged debt known to AENB to be invalid, violated *15 U.S.C. §1692e(2)(A)*.

25. As a result of Defendants' conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k*.

26. As a result of Defendants' conduct, Plaintiff is entitled to an award of attorney's fees, costs, and expenses pursuant to *15 U.S.C. §1692k*.

## COUNT II

### VIOLATION OF *15 U.S.C. §1692e(5)* <u>AGAINST ALL DEFENDANTS</u>

27. Plaintiff re-alleges and incorporates Paragraphs 1 through 19.

28. *15 U.S.C. §1692e(5)* states:

    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    >
    > xxxx
    >
    > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

29. Plaintiff did not owe the debt sought to be collected by Defendants in the Demand Letter.

30. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect upon an alleged consumer debt that was not owed to AENB by Plaintiff. Furthermore, Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff after AENB had already acknowledged that Plaintiff did not owe the debt and that the alleged debt was not valid.

31. Defendants, by attempting to collect upon this alleged debt known to AENB to be invalid, violated *15 U.S.C. §1692e(5)*.

32. As a result of Defendants' conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k*.

33. As a result of Defendants' conduct, Plaintiff is entitled to an award of attorney's fees, costs, and expenses pursuant to *15 U.S.C. §1692k*.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor, against each Defendant for:

(a) An award of actual damages and statutory damages, pursuant to *15 U.S.C. §1692k*;

(b) An award of attorney's fees, litigation expenses, and costs pursuant to *15 U.S.C. §1692k*;

(c) Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 3rd day of December 2020.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com

*Attorney for Plaintiff*